**In re Paul NAGY, Petitioner.**

**Docket No. 96–3053.**

United States Court of Appeals,
Second Circuit.

Submitted July 3, 1996.

Decided July 16, 1996.

Paul Nagy, pro se, Otisville, N.Y.

Before: NEWMAN, Chief Judge, KEARSE and WINTER, Circuit Judges.

JON O. NEWMAN, Chief Judge:

■ This motion by an incarcerated prisoner for leave to proceed *in forma pauperis* requires us to determine whether the new fee requirements of the Prison Litigation Reform Act of 1995 (PLRA) apply to extraordinary writs, such as a petition for writ of mandamus, filed as an original action in this Court. We conclude that the PLRA requirements apply to those extraordinary writs that seek relief analogous to civil complaints under 42 U.S.C. § 1983, but not to writs directed at judges conducting criminal trials. Since the pending motion concerns a request for a writ of the latter variety, the PLRA requirements do not apply. We therefore grant the motion to proceed i.f.p. for the limited purpose of considering the petition for the writ, and since it has no merit, we deny the petition.

## Facts

Paul Nagy is an incarcerated defendant in a criminal prosecution pending in the District Court for the Southern District of New York (Robert P. Patterson, Judge). Pursuant to 18 U.S.C. § 4241(a), Judge Patterson ordered a psychiatric examination to determine Nagy's competence to stand trial. Nagy's motion to vacate the order was denied. He then filed a motion seeking to have Judge Patterson withdraw from his case. Thereafter, he filed the pending petition for a writ of mandamus in this Court, seeking to compel Judge Patterson to rule on his recusal motion and to have this Court order reassignment of his case. The petition was accompanied by a motion for leave to proceed *in forma pauperis*.

## Discussion

■ At the outset, we face the issue of whether the new filing fee payment requirements of the PLRA apply to a petition for an extraordinary writ, such a writ of mandamus. If they do, we would apply the procedure outlined in our recent decision in *Leonard v. Lacy*, 88 F.3d 181, 185 (2d Cir.1996) and deny the motion for i.f.p. status and dismiss the petition in 30 days unless within that time Nagy filed the authorization statement required by *Leonard*.

The PLRA, which was enacted as Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub.L. 104–134, 110 Stat. 1321 (1996), creates new filing fee payment obligations for incarcerated prisoners. We recently considered its provisions in *Leonard*, familiarity with which is assumed. The PLRA applies to a "civil action" and an appeal in a "civil action." 28 U.S.C. § 1915(a)(2). Neither the text nor the legislative history of the PLRA indicates whether a petition for a writ of mandamus is to be considered a "civil action" for purposes of the Act.

The Federal Rules of Civil Procedure state that writs of mandamus are abolished in favor of an appropriate motion, Fed.R.Civ.P. 81(b), but those rules apply only to the dis-

trict courts, Fed.R.Civ.P. 1. The Federal Rules of Appellate Procedure continue to authorize an application to a court of appeals for a writ of mandamus, Fed.R.App.P. 21(a). If the phrase "civil action" in the PLRA was intended to be used to distinguish a criminal action, it is arguable that any application for a writ of mandamus, filed as an original action in a court of appeals, should be regarded as a "civil action" for purposes of the PLRA. However, we believe such a reading of the PLRA would be too broad.

 Congress enacted the PLRA to curb the increasing number of civil lawsuits filed by prisoners, most of which concern prison conditions. *See Leonard,* 88 F.3d at 185. As to such lawsuits, Congress wanted prisoners to feel the deterrent effect of liability for filing fees so that frivolous lawsuits would not be filed. *Id.* It is reasonable to assume that Congress wished to apply the PLRA's deterrent effect to prisoners' complaints, regardless of the type of pleading filed by the prisoner to obtain relief. Thus, if a prisoner, contemplating the filing of a complaint against prison officials under 42 U.S.C. § 1983, decided to avoid liability for filing fees and instead sought comparable relief by applying for a writ of mandamus directed to a prison official, the PLRA provisions should normally apply. However, if a prisoner seeks a writ of mandamus directed to a judge conducting a criminal trial, the application is not within the category of lawsuits to which the PLRA was aimed.[1]

Nagy filed the pending motion for i.f.p. status in aid of a petition for a writ of mandamus directed to a judge conducting a criminal trial. Such a petition is not analogous to the lawsuits to which the PLRA applies. We will therefore not apply our PLRA procedure to Nagy's motion, and, under our usual practice, will grant his motion for i.f.p. status, in view of his affidavit of poverty, for the limited purpose of considering his application for a writ of mandamus.

■ The application is entirely without merit. Judge Patterson has not delayed an undue amount of time in ruling on the motion to recuse, and Nagy has not made the "extraordinary showing" required to issue a writ of mandamus in lieu of the traditional remedy of an appeal from a final judgment to test a judge's ruling with respect to recusal. *See In re Drexel Burnham Lambert Inc.,* 861 F.2d 1307, 1312 (2d Cir.1988), *cert. denied,* 490 U.S. 1102, 109 S.Ct. 2458, 104 L.Ed.2d 1012 (1989).

Accordingly, the petition for a writ of mandamus is denied.

---

1. Whether the PLRA applies to a writ of mandamus directed to a judge conducting a civil lawsuit would normally depend on whether the writ was simply an alternative device for obtaining the relief sought in civil actions that are covered by the PLRA.