Edwardo **REYES**, Petitioner–Appellant,

v.

John P. **KEANE**, Superintendent, Sing Sing Correctional Facility, Respondent–Appellee.

No. 95–2650.

United States Court of Appeals, Second Circuit.

Submitted June 5, 1996.

Decided July 29, 1996.

Edwardo Reyes, Ossining, N.Y., pro se.

Louis L. Bono, N.Y. State Attorney General's Office, New York City, submitted papers for respondent-appellee.

Before: NEWMAN, Chief Judge, JACOBS and CABRANES, Circuit Judges.

JON O. NEWMAN, Chief Judge:

This motion for reinstatement of a dismissed appeal, for leave to proceed *in forma pauperis,* and for a certificate of probable cause (or appealability) in connection with an attempted appeal from the denial of a petition for a writ of habeas corpus presents issues concerning both the recently enacted Prison Litigation Reform Act of 1995 ("PLRA") and the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Specifically, we must determine (1) whether the filing fee payment requirements apply to habeas corpus petitions, (2) whether the time limit and the certificate of appealability provisions of the AEDPA apply to a pending application concerning a habeas corpus petition that was filed before the effective date of the AEDPA, and (3) if the certificate of appealability provision applies, whether an application for a certificate of probable cause to appeal should be treated as a request for a certificate of appealability. These issues arise on an appeal by Edwardo Reyes from the August 24, 1995, judgment of the District Court for the Southern District of New York (Denise Cote, Judge) denying his petition for a writ of habeas corpus.

For reasons set forth below, we conclude that the PLRA does not apply to a habeas corpus petition, that the time limit provision of the AEDPA does not apply to a petition filed before the effective date of the Act, that the certificate of appealability provision of the AEDPA is applicable to such a petition, that a request for a certificate of probable cause, satisfying the standards of a certificate of appealability, may be treated as a certificate of appealability, and that, in this case, a limited certificate should be issued.

Facts

Edwardo Reyes, an incarcerated state prisoner, was convicted in New York Supreme Court in 1985 of selling drugs and sentenced to fifteen years to life. His conviction was affirmed, *People v. Reyes,* 145 A.D.2d 1001, 535 N.Y.S.2d 509 (1st Dep't 1988), and leave to appeal to the Court of Appeals was denied, *People v. Reyes,* 74 N.Y.2d 851, 546 N.Y.S.2d 1016, 546 N.E.2d 199 (1989).

Reyes filed his *pro se* petition for a writ of habeas corpus on July 13, 1994, presenting three claims: (1) the jury charge misstated the reasonable doubt standard, (2) the chain of custody was not adequately established as to certain evidence, and (3) the trial judge made improper comments. On recommendation of Magistrate Judge Sharon Grubin, the petition was dismissed by the District Court. The District Court ruled that the jury charge issue had been forfeited for lack of objection by trial counsel and that the remaining two claims lacked merit. The District Judge also denied Reyes's request for a certificate of probable cause. *See* 28 U.S.C. § 2253.

Reyes filed a timely notice of appeal on September 11, 1995. This Court construed his notice of appeal as a request for a certificate of probable cause, *see* Fed. R.App. P. 22(b), but, after notice, dismissed the appeal for lack of either a filing fee or a motion for leave to proceed on appeal *in forma pauperis* ("i.f.p."). On October 13, 1995, Reyes moved to reinstate his appeal and to proceed i.f.p., submitting the affidavit of poverty required

by 28 U.S.C. § 1915(a) (since renumbered § 1915(a)(1)).

## Discussion

I. Does the PLRA Apply to a Habeas Corpus Petition or an Appeal from the Denial of Such a Petition?

Congress enacted the PLRA as Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub.L. 104–134, 110 Stat. 1321 (1996). We recently considered the PLRA in *Leonard v. Lacy,* 88 F.3d 181 (2d Cir.1996), familiarity with which is assumed. The PLRA, which became effective on April 26, 1996, imposes filing fee payment obligations on incarcerated prisoners who bring "civil actions" or appeals of "civil actions." *See* 28 U.S.C. § 1915(a)(2), (b). Our initial issue is whether a petition for a writ of habeas corpus habeas is a "civil action" for purposes of the PLRA.

For some procedural purposes, a petition for a writ of habeas corpus has been regarded as a "civil action." *See Smith v. Bennett,* 365 U.S. 708, 712, 81 S.Ct. 895, 897–98, 6 L.Ed.2d 39 (1961) (citing *Ex Parte Tom Tong,* 108 U.S. 556, 2 S.Ct. 871, 27 L.Ed. 826 (1883)); *cf. Williams v. United States,* 984 F.2d 28, 30 (2d Cir.1993) (section 2255 motion considered continuation of criminal case and not independent civil proceeding for purposes of Fed.R.Civ.P. 58). In *In re Nagy,* 89 F.3d 115 (2d Cir.1996), we recently considered the issue of whether a petition for an extraordinary writ, such as a writ of mandamus, should be considered a "civil action" for purposes of the PLRA. We ruled that the application of the PLRA to mandamus petitions depends on the nature of the relief sought— only if the prisoner's mandamus claim is analogous to the typical suits brought under 42 U.S.C. § 1983 complaining about prison conditions does the PLRA apply. *Nagy,* at 117.

Adopting the same approach here, we conclude that Congress did not intend the PLRA to apply to petitions for a writ of habeas corpus. First, the PLRA was aimed primarily at prisoners' suits challenging prison conditions, many of which are routinely dismissed as frivolous.[1] There is nothing in the text of the PLRA or its legislative history to indicate that Congress expected its filing fee payment requirements to apply to habeas corpus petitions. Second, we note that Congress has endeavored to make the filing of a habeas corpus petition easier than the filing of a typical civil action by setting the district court filing fee at $5, compared to the $120 applicable to civil complaints. *See* 28 U.S.C. § 1914. It is not likely that Congress would have wished the elaborate procedures of the PLRA to apply to a habeas corpus petition just to assure partial, monthly payments of a $5 filing fee. Third, Congress gave specific attention to perceived abuses in the filing of habeas corpus petitions by enacting Title I of the AEDPA. That title imposes several new restrictions on habeas corpus petitions, but makes no change in filings fees or in a prisoner's obligation for payment of existing fees. For all of these reasons, we hold that the PLRA does not apply to a habeas corpus petition or to an appeal from the denial of such a petition.

II. Does the One–Year Time Limit Provision of the AEDPA Apply to a Habeas Corpus Petition Filed before the Act's Effective Date?

The AEDPA was signed by the President on April 24, 1996. Title I of the AEDPA imposes several new restrictions on habeas corpus petitions. *See Felker v. Turpin,* —— U.S. ——, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996) (considering limitations on successive petitions). Section 101 of the AEDPA amends 28 U.S.C. § 2244 to require that habeas petitions brought under 28 U.S.C. § 2254 be filed no later than one year after the completion of state court direct review,

---

1. We do not suggest that the only civil actions to which the PLRA applies are prisoners' suits seeking relief from prison officials because of prison conditions. The PLRA covers the general run of civil actions, regardless of the claim and regardless of the identity of the defendants. Our point here, as in *Nagy,* is the more limited one that in

determining whether the PLRA should be construed to cover special proceedings like habeas corpus petitions and mandamus applications against judges, prison condition lawsuits provide a contrasting useful example of the primary purpose of the PLRA.

with certain exceptions not pertinent to the pending case. Time during which a properly filed state court application for collateral review is pending is excluded from the one-year period. AEDPA, § 101 (to be codified at 28 U.S.C. § 2244(d)(2)). Reyes filed his habeas petition in the Southern District on July 13, 1994, more than one year after leave to appeal to the New York Court of Appeals from the affirmance of his state court conviction was denied in 1989.

Section 107(c) of the AEDPA, creating special procedures for certain death penalty cases, explicitly states that the section applies to cases pending on or after the date of the enactment of the Act. This arguably supports an inference that the other provisions of the Act, or at least the other provisions of Title I, do not apply to cases pending before the effective date. *See Russello v. United States,* 464 U.S. 16, 23, 104 S.Ct. 296, 300–01, 78 L.Ed.2d 17 (1983). However, we decline to draw that inference. In enacting Title I, Congress intended the new restrictions on habeas corpus procedures to have broad effect, subject to considerations of basic fairness and principles governing permissible retroactivity in the absence of explicit Congressional direction. *See Landgraf v. USI Film Products,* 511 U.S. 244, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994). We believe the specification of applicability to pending cases in section 107 reflects only Congress's explicit concern as to death penalty cases, and carries no negative implication as to other habeas cases.

The Supreme Court has recognized that changes in procedural requirements may often be applied to pending cases without raising retroactivity concerns. *See Landgraf,* 511 U.S. at 276–78, 114 S.Ct. at 1502–03 (discussing *Bradley v. Richmond School Bd.,* 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974)); *but see id.* at 275 n. 29, 114 S.Ct. at 1502 n. 29 (new rule concerning filing of complaint creates retroactivity concern). We have considered a new statute of limitations to be the sort of procedural change that may be applied to pending cases, at least where the full period of the new limitations period was available to the plaintiff after the effective date of the change. *See Vernon v. Cas-*

sadaga Valley Central School District, 49 F.3d 886 (2d Cir.1995); *id.* at 891–92 (Cabranes, J., concurring) (cautioning against retroactive application of all procedural changes). *Vernon,* however, left open the issue of whether a new limitations period could be applied to a claim filed after the effective date of the new statute without affording a plaintiff an opportunity to comply with the new time period. *Id.* at 889 n. 1. *See Kelly v. Burlington Northern R.R. Co.,* 896 F.2d 1194 (9th Cir.1990) (applying new, shorter limitations period but providing grace period equal to new limitations period commencing as of date of new rule).

■ In this case, it would be entirely unfair and a severe instance of retroactivity to apply to Reyes the new requirement of the AEDPA that a habeas petition be filed within one year after completion of state court direct review where that period ended before the effective date of the Act. *See Boria v. Keane,* 90 F.3d 36 (2d Cir.1996) (on rehearing) (section 104 of AEDPA, narrowing standards for granting habeas corpus petition to challenge state court conviction, inapplicable to petition claiming incompetence of trial counsel occurring prior to effective date of AEDPA). There is no indication that Congress wished to cut off access to federal courts by state prisoners who lacked notice of the new limitations period. We need not decide in this case whether a state prisoner who files a habeas petition more than a year after state court direct review was completed but within a year after the effective date of the AEDPA will be allowed a full year from the effective date of the Act or only a reasonable time thereafter. Since Reyes's petition was filed before the effective date, the new time limit is inapplicable. *Cf. Williams v. Calderon,* 83 F.3d 281, 285 (9th Cir.1996) (provisions of AEDPA limiting successive applications for habeas corpus assumed to be inapplicable to petition filed before Act's effective date).

III. Does the Certificate of Appealability Provision of the AEDPA Apply to a Habeas Corpus Petition Filed before the Act's Effective Date?

Section 102 of the AEDPA amends 28 U.S.C. § 2253, which had required a certifi-

cate of probable cause to appeal the denial of a habeas petition, with a new requirement of a certificate of appealability. Reyes's appeal presents the issue of whether this new requirement should apply where, before the Act's effective date, a state prisoner files a habeas petition, a district court denies the petition and denies a certificate of probable cause, and, after the effective date, the prisoner seeks a certificate of probable cause from this Court.

■ The new requirement of a certificate of appealability ("COA") appears to make no significant change in the standard applicable to the former requirement of a certificate of probable cause ("CPC"). Section 102 of the AEDPA provides that a COA may be issued only upon a "substantial showing of the denial of a constitutional right." The Supreme Court had previously characterized the standard for the former CPC as a " 'substantial showing of the denial of [a] federal right.' " *Barefoot v. Estelle*, 463 U.S. 880, 893, 103 S.Ct. 3383, 3394, 77 L.Ed.2d 1090 (1983) (quoting *Stewart v. Beto*, 454 F.2d 268, 270 n. 2 (5th Cir.1971), *cert. denied*, 406 U.S. 925, 92 S.Ct. 1796, 32 L.Ed.2d 126 (1972)); *see Rodriquez v. Scully*, 905 F.2d 24 (2d Cir.1990) (CPC requires a non-frivolous issue "deserving of appellate review"). Thus the operative words "substantial showing" are identical with respect to both the former CPC and the current COA. The fact that a COA is available only with respect to a "constitutional" right, whereas a CPC was stated to be available with respect to a "federal" right is, in the context of a habeas petition under section 2254, a distinction without a difference since the writ may issue upon the petition of a state prisoner only for denial of a constitutional right. *See Herrera v. Collins*, 506 U.S. 390, 400, 113 S.Ct. 853, 860, 122 L.Ed.2d 203 (1993). In agreement with the Tenth Circuit, *see Lennox v. Evans*, 87 F.3d 431, 434–35 (10th Cir.1996), we hold that the substantive standard for a COA is the same as the standard for the prior CPC. *But see Williams v. Calderon*, 83 F.3d at 286 (stating, without discussion, that COA standard is "more demanding" than CPC standard).

In one respect concerning procedure, section 102 of the AEDPA imposes a new requirement for a COA that was not explicitly applicable to a CPC. As amended by section 102 of the AEDPA, 28 U.S.C. § 2253(c)(3) provides that the COA "shall indicate which specific issue or issues satisfy the showing required by paragraph (2) [requiring a substantial showing of the denial of a constitutional right]."

We see no reason why the new COA provision, with its procedural requirement of specifying issues warranting an appeal, should not apply to a habeas petition filed before the effective date of the AEDPA. This is well within the category of procedural changes that pose no issue of retroactivity under *Landgraf.*

IV. May a Motion for a Certificate of Probable Cause be Treated as a Request for a Certificate of Appealability?

As long as a prisoner's request for a CPC meets the substantive and procedural requirements of the new COA, we will treat the CPC request as a COA request. It would be pointless to decline to consider whether a prisoner is entitled to proceed with an appeal simply because the required request for permission uses the terminology formerly applicable. Of course, the request must make a substantial showing of the denial of a constitutional right and must indicate which specific issue or issues satisfy that standard.

V. The Merits of Reyes's Request for a Certificate of Appealability

■ Treating Reyes's CPC request as a request for a COA, we conclude that his claim concerning the deficiency in the charge on reasonable doubt presents a substantial issue warranting a COA. The state court trial included in the jury charge statements to indicate what would *not* constitute reasonable doubt, such as a "surmise" or a "guess." The judge then entered troubled waters by stating, "[i]t's not even a feeling that a defendant may not be guilty." At that point the trial judge said, "It is not a requirement of proof beyond a reasonable doubt."

The State argued to the Appellate Division that the quoted sentence was a slip of the

tongue, and, pointing to the immediately following words "or beyond all doubt" contended that the trial judge corrected himself by substituting the "beyond all doubt" phrase for the sentence negativing a requirement of proof beyond a reasonable doubt.

We do not determine whether the jury charge improperly undermined the standard of proof beyond a reasonable doubt. It suffices to conclude at this point that the issue is "substantial" within the meaning of 28 U.S.C. § 2253(c)(2) (as amended). Whether the claim has been forfeited by lack of objection of defense counsel is also a substantial issue, since, if the reasonable doubt instruction was defective, counsel's failure to object might constitute ineffective assistance of counsel sufficient to establish "cause" within the meaning of *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 2506–07, 53 L.Ed.2d 594 (1977). *See Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986). Moreover, if the charge was constitutionally defective, prejudice is presumed. *See United States v. Birbal*, 62 F.3d 456, 461 (2d Cir.1995).

The claims concerning chain of custody and remarks by the state court trial judge are entirely insubstantial, as the District Court fully explained. We will therefore grant a certificate of appealability limited to the reasonable doubt instruction. *See Vicaretti v. Henderson*, 645 F.2d 100 (2d Cir.) (on rehearing) (approving certificate of probable cause limited to single issue), *cert. denied*, 454 U.S. 868, 102 S.Ct. 334, 70 L.Ed.2d 171 (1981).

### Conclusion

The motion for reinstatement is granted, leave to proceed *in forma pauperis* on appeal is granted, and the request for a certificate of appealability is granted, limited to the claim concerning the reasonable doubt instruction.