**Roy D. VAN DOREN, Jr.,
et al., Plaintiffs,**

v.

**Joseph F. MAZURKIEWICZ, Ph.D.,
Superintendent of SCI–Rockview,
et al., Defendants.**

**Civil Action No. 96–3315.**

United States District Court,
E.D. Pennsylvania.

Aug. 28, 1996.

Roy D. Van Doren, Jr., Bellefonte, PA, pro se.

Anthony Reid, Bellefonte, PA, pro se.

Charles Crosby, Bellefonte, PA, pro se.

Richard T. Brown, Bellefonte, PA, pro se.

## MEMORANDUM

EDUARDO C. ROBRENO, District Judge.

This case involves a request for habeas corpus relief by state inmates proceeding pro se. Congress has decided that the filing fee for habeas corpus actions by state inmates shall be $5.00.[1] *See* 28 U.S.C. § 1914(a); Rules Governing Section 2254 Cases in the United States District Courts, Rule 3 & Rule 3 advisory committee notes. The inmates are requesting leave to proceed *in forma pauperis* ("IFP"). Preliminarily, the case raises two issues: (1) Do the financial disclosure requirements of the recently enacted Prison Litigation Reform Act apply to habeas corpus petitions filed by state inmates? and (2) Is the date of filing of a habeas corpus petition the date the inmate delivers the petition to the prison authorities or the date the petition is filed with the Clerk of the Court?

## I.

Petitioners' habeas corpus petition and request for IFP status were filed with the Clerk on April 26, 1996. (*See* doc. no. 1) On that same date, the Clerk caused an Order to be entered granting the inmates IFP status. (*See* doc. no. 2) Also on that date, the Prison Litigation Reform Act, Pub.L. No. 104–134, 110 Stat. 1321, Title VIII (section 804 thereof *amending* 28 U.S.C. § 1915) (April 26, 1996) (the "Act"), requiring inmates seeking IFP status to submit a certified copy of their inmate trust fund account statement for the six (6) month period immediately preceding the filing of a civil action, went into effect. *See Smith v. Urban,* 928 F.Supp. 532 (E.D.Pa.1996) (Robreno J.). Petitioners did not include such certification with their IFP request.

Section 804 of the Prison Litigation Reform Act applies to "a prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor." Pub.L. No. 104–134, Sec. 804(a)(1)(F). A habeas corpus action is a civil action. *See* Fed. R.Civ.P. 1, 2 & 81(a)(2); 28 U.S.C. Secs. 1914(a), 2241–2255. Therefore, it is clear from the text of the Act that its financial certification provisions apply to state prisoners seeking IFP status in connection with a petition for habeas corpus relief. *Cf. Green v. Nottingham,* 90 F.3d 415, 417–18 (10th Cir.1996) (finding that a mandamus proceeding is a "civil action" under IFP provisions of Prison Litigation Reform Act, reasoning that the "clear import" of the Act "is to curtail meritless prisoner litigation").

---

1. In contrast, federal inmates bringing habeas corpus actions are not required to pay a filing fee. *See* Rules Governing Section 2255 Proceedings For The United States District Courts Rule 3 & Rule 3 advisory committee notes.

The Court disagrees with the Second Circuit's conclusion in *Reyes v. Keane,* 90 F.3d 676, 678 (2d Cir.1996), that the Act's requirements do not apply to habeas corpus petitions or to appeals from the denial thereof. In so holding, the Second Circuit examined the Act's legislative history, pointing out that (1) "the PLRA was aimed primarily at prisoners' suits challenging prison conditions, many of which are routinely dismissed as frivolous;" (2) "[t]here is nothing in the text of the PLRA or its legislative history to indicate that Congress expected its filing fee payment requirements to apply to habeas corpus petitions;" (3) "Congress has endeavored to make the filing of a habeas corpus petition easier than the filing of a typical civil action by setting the district court filing fee at $5, compared to the $120 applicable to civil complaints ... [,therefore,] [i]t is not likely that Congress would have wished the elaborate procedures of the PLRA to apply to a habeas corpus petition just to assure partial, monthly payments of a $5 filing fee;"[2] and (4) "Congress gave specific attention to perceived abuses in the filing of habeas corpus petitions by enacting Title I of the AEDPA [Antiterrorism and Effective Death Penalty Act] ... [which] imposes several new restrictions on habeas corpus petitions, but makes no change in filings fees or in a prisoner's obligation for payment of existing fees." *Id.*

Although the *Reyes* construction of the Act is certainly plausible, there is no support for it in the Act's text. " 'Where ... the statute's language is plain, 'the sole function of the court is to enforce it according to its terms.' " *Appalachian States Low–Level Radioactive Waste Comm'n v. O'Leary,* 93 F.3d 103, 108 (3d Cir.1996) (quoting *United States v. Ron Pair Enter.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989) (quoting *Caminetti v. United States,* 242 U.S. 470, 485, 37 S.Ct. 192, 194, 61 L.Ed. 442 (1917))). Given the absence of ambiguity in the Act's text, the Court finds that the "stat-ute's plain meaning must be enforced" and, therefore, that the Act applies to habeas corpus petitions, such as the one here at issue. *United States Nat'l Bank of Or. v. Independent Ins. Agents of Am. Inc.,* 508 U.S. 439, 454–55, 113 S.Ct. 2173, 2182, 124 L.Ed.2d 402 (1993); *see, e.g., Good Samaritan Hosp. v. Shalala,* 508 U.S. 402, 409, 113 S.Ct. 2151, 2157, 124 L.Ed.2d 368 (1993) ("[t]he starting point in interpreting a statute is its language, for 'if the intent of Congress is clear, that is the end of the matter' ") (quoting *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 842, 104 S.Ct. 2778, 2781, 81 L.Ed.2d 694 (1984)); *United States v. Alvarez–Sanchez,* 511 U.S. 350, ——, 114 S.Ct 1599, 1603, 128 L.Ed.2d 319 (1994) ("[w]hen interpreting a statute, we look first and foremost to its text"). If Congress had intended to limit Section 804 of the Act to prisoner cases other than habeas corpus petitions, it could have said so. *See, e.g.,* Section 802 of the Act, Pub.L. No. 104–134, Sec. 802(a), amending 18 U.S.C. Sec. 3626, specifically excluding "habeas corpus proceedings challenging the fact or duration of confinement in prison" from the definition of "civil action with respect to prison conditions."

## II.

■ On July 30, 1996, the Court vacated the Order of April 26, 1996, entered by the Clerk granting IFP status to petitioners and dismissed the petition for habeas corpus relief without prejudice on the basis that the inmates had failed to comply with the provisions of the Act. (*See* doc. no. 7) Petitioners have now moved for reconsideration arguing that, while the petition and the request for IFP status were filed with the Clerk on April 26, 1996, they had delivered the petition and the request for IFP status, albeit without the requisite certification, to the prison authorities on April 22, 1996, four days prior to the effective date of the Act.[3] (*See* doc. no. 9) In

---

**2.** Considerations which led Congress to set the habeas corpus filing fee for state prisoners at $5.00 and not $120.00 are not relevant here. That Congress intended state prisoner's to pay a filing fee in connection with habeas corpus petitions is underscored by the fact that no filing fee is required from federal prisoners seeking similar relief. *See supra* note 1.

**3.** The Court finds that the financial disclosure requirements of the Act do not apply to cases already pending as of the effective date of the statute. *See Deutsch v. United States,* 1996 WL

support of their position, petitioners point to the cover letter addressed to the Clerk which is dated April 22, 1996.

■ The Court agrees that reconsideration is appropriate in this case. The date the habeas corpus petition and the request for IFP status were delivered to the prison authorities, and not the date of the actual filing of the papers with the Clerk, is the date on which the petition and the request for IFP status should be deemed filed.

In *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), the Supreme Court, interpreting federal rule of appellate procedure 4(a), held that a pro se prisoner's notice of appeal in a habeas corpus case was filed at the moment it was delivered to the prison authorities for forwarding to the district court, and not on the date it was filed in the Clerk's office. *Id.* at 273–76, 108 S.Ct. at 2384–85. The Supreme Court pointed to the special circumstances attendant to a prisoner proceeding pro se who must rely on the mail to file documents and who cannot travel to the Clerk's office to do the filing in person as a basis for its decision. *Id.,* at 273, 108 S.Ct. at 2384.

In *In re Flanagan*, 999 F.2d 753 (3d Cir. 1993), the Third Circuit applied the *Houston* rationale to the late filing of a notice of appeal from an order entered in a bankruptcy proceeding, by an inmate who had delivered the notice to the prison authorities within the time provided by the rule. The Court held that under Bankruptcy Rule 8002(a), just as under Appellate Rule 4(a), "when a pro se prisoner deposits his notice of appeal with prison authorities, addressed to the clerk of court with postage prepaid, it is deemed filed at that moment. . . . a showing of delay on the part of prison officials is not necessary." *Id.* at 759.

The rule that "the prison mail room [is] an adjunct of the clerk's office without regard to whether there has been an allegation of actual delay", *id.,* applies here with equal force.[4] An important rationale for the rule is that once an inmate delivers legal papers to the prison authorities, the inmate has no power to dictate what happens to the papers. *Cf. Urrutia v. Harrisburg County Police Dept.,* 91 F.3d 451, 460, 462 n. 13 (3d Cir.1996) (holding that 120 day period of Fed.R.Civ.P. 15(c)(3) for satisfying requirements for relation back of amendment changing or adding party is suspended, once a plaintiff submits original IFP complaint, until 1915(a) IFP and 1915(d) frivolity determinations are made, reasoning that "[an] in forma pauperis plaintiff should not be charged with the delay inherent in this process, because it is entirely within the control of the magistrate judge and/or district judge"). A corollary, therefore, is that whether an inmate has satisfied the filing requirements must be examined in light of the requirements in effect at the time

---

466921 (E.D.Pa. July 8, 1996) (Fullam, J.) (new 28 U.S.C. Sec. 1915(g), barring IFP suits by prisoners who have had three or more suits previously dismissed on the grounds that the suits were frivolous, malicious, or failed to state a claim, *does not bar a pending IFP suit* by a prisoner who has had three or more suits so dismissed if the prisoner's pending suit was filed before April 26, 1996); *see also Miller v. Andrews,* 1996 WL 273651 at \*2 n. 1 (E.D.Pa. May 20, 1996) (not applying Prison Litigation Reform Act's amendments to frivolity determination pursuant to 28 U.S.C. Sec. 1915(d) where complaint filed on April 23, 1996, but noting that applying the Act's amendments would not have led to a different outcome); *McCray v. Kralik,* 1996 WL 378273 (S.D.N.Y. July 1, 1996) (Prison Litigation Reform Act's amendments to 28 U.S.C. Sec. 1915(a)–(b) do not apply retroactively, however amendments regarding Court's ability to dismiss meritless claims do apply to complaints filed before April 26, 1996).

**4.** *See, e.g., Lewis v. Richmond City Police Dept.,* 947 F.2d 733, 736 (4th Cir.1991) (applying *Houston* filing rule to Fed.R.Civ.P. 5(e) in a prisoner's civil rights case and stating, *"Houston* itself gives no indication that it should be limited to habeas corpus appeals"); *Smith v. Evans,* 853 F.2d 155, 161 (3d Cir.1988) (considering *Houston* with regard to a Fed.R.Civ.P. 59(e) motion to alter or amend a district court judgment); *Caldwell v. Amend,* 30 F.3d 1199 (9th Cir.1994) (applying *Houston* filing rule to pro se prisoner's Fed. R.Civ.P. 50(b) motion); *Hostler v. Groves,* 912 F.2d 1158, 1160 (9th Cir.1990) (applying *Houston* filing rule to non-habeas civil appeals and noting that the *Houston* opinion *"gives no indication that its holding should be limited to habeas cases"), cert denied,* 498 U.S. 1120, 111 S.Ct. 1074, 112 L.Ed.2d 1180 (1991); *but see Jackson v. Nicoletti,* 875 F.Supp. 1107 (E.D.Pa.1994) (finding no "mailbox rule" for pro se prisoner complaints and refusing to extend *Houston* filing rule to lengthen statute of limitations in civil rights case).

he or she delivers the legal papers to the prison authorities and not as of a later date, since after delivery to the prison authorities, the prisoner has no power to effectuate the filing of the papers at the Clerk's office.[5]

In this case the inmates delivered their petition and request for IFP status to the prison authorities on April 22, 1996. On that date the habeas petition and request for IFP status were in compliance with applicable law. That additional legal requirements went into effect four days after petitioners delivered their legal papers for filing to the prison authorities is of no moment to the case.

### III.

In conclusion, the Court finds that (1) the financial disclosure requirements of the Prison Litigation Reform Act are applicable to petitions for habeas corpus relief filed by state inmates and (2) the date that a habeas corpus petition is deemed filed is the date the inmate delivers the petition to the prison authorities and not the date the petition is physically filed with the Clerk of the Court.

---

5. The Third Circuit has recognized the concept of constructive filing in other contexts. *See McDowell v. Delaware State Police,* 88 F.3d 188 (3d Cir.1996) (complaint not formally filed until filing fee is paid deemed constructively filed when received by Clerk's office).