Sanders v. USA                    CV-97-73-SD    03/19/97

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Steven H. Sanders

    v.                                Civil No. 97-73-SD

United States of America

O R D E R

Steven H. Sanders seeks to challenge his federal criminal sentence.  28 U.S.C. § 2255.[1]  He requests in forma pauperis filing status, together with appointment of counsel.

Prior to April 26, 1996, in forma pauperis filing status was freely granted to incarcerated prisoners.  On that date, however,

---

[1] 28 U.S.C. § 2255 provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Congress enacted the Prison Litigation Reform Act (PLRA),[2] relevant portions of which redefined the rights and obligations of prisoners seeking in forma pauperis status.

Codified at 28 U.S.C. § 1915, the law now requires prisoners proceeding in forma pauperis who bring "civil actions" or appeals of "civil actions" to pay civil filing fees. It also establishes a deferred payment schedule by which prisoners may fulfill their filing fee obligations. 28 U.S.C. § 1915(b).

Early on, there was some disagreement among the courts as to whether filing fee requirements of PLRA applied to prisoners who sought the relief of habeas corpus pursuant to either 28 U.S.C. § 2254 or § 2255.[3] However, the courts of appeal which have now had an opportunity to rule on the issue have found that the filing fees requirement of PLRA is inapplicable to those proceedings which seek in forma pauperis for the purpose of habeas corpus relief. See Santana v. United States, 98 F.3d 752,

---

[2]PLRA was enacted as Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. 104-134, 110 Stat. 1321 (1996).

[3]28 U.S.C. § 2254 provides the method by which state prisoners may seek habeas corpus relief in federal courts. Section 2255 applies to federal prisoners, and the historical notes which follow the section state that the statute "provides an expeditious remedy for correcting erroneous sentences without resort to habeas corpus." However, petitions filed pursuant to either section 2254 or section 2255 are commonly referred to as habeas petitions, and the court adopts this terminology for the purpose of this order.

756 (3d Cir. 1996); <u>Martin v. United States</u>, 96 F.3d 853, 855-56 (7th Cir. 1996); <u>Reyes v. Keane</u>, 90 F.3d 676, 678 (2d Cir. 1996).

Finding these rulings to be well reasoned, the court herewith adopts them, and rules that prisoners seeking habeas corpus relief are not required to pay any filing fees as set forth in PLRA. Accordingly, Sanders is here entitled to proceed in forma pauperis without the payment of such fees.

Examination of the motion which here seeks relief satisfies the court that it is of sufficient complexity[4] to warrant the appointment of counsel for Sanders pursuant to 18 U.S.C. § 3006A. Accordingly, the court is directed to appoint counsel for Sanders, with direction to such appointed counsel to communicate with Sanders within twenty days of appointment for the purpose of determining what further filings, if any, are required. Within fifteen days of arriving at such decision, counsel is to advise the court, with copy to the United States Attorney, as to whether he desires to file further documents. If so, counsel is also to advise the court of the time required for such filings.

The United States Attorney is directed to review the matter,

---

[4]The challenge is grounded on the now-familiar argument concerning the "use or carry" provisions of 18 U.S.C. § 924(c)(1), the genesis of which is the decision in <u>Bailey v. United States</u>, ___ U.S. ___, 116 S. Ct. 501 (1995). The unusual circumstances of the instant case are such that, in the opinion of the court, appointment of counsel is required.

3

and, if further filings are required, to respond thereto within thirty days after such filings have been had.  If no further filings are to be had, then the United States Attorney is to respond within thirty days of the receipt of the statement of appointed counsel that no such filings are to be had.

Upon the filing of the government's position in this matter, the court will proceed to review and rule upon the entire matter.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

March 19, 1997

cc:   Steven H. Sanders, pro se
      United States Attorney (w/copy of petition)

4