Jermaine MANLEY, Petitioner,

v.

**Walter R. KELLEY, Superintendent of Attica Correctional Facility, Respondent.**

No. 97CIV.7050 (RPP)(KNF).

United States District Court, S.D. New York.

Oct. 8, 1998.

Jermaine Manley, Attica, NY, Pro se.

Marc Frazier Scholl, New York County District Attorney's Office, New York City, for Respondent.

## ORDER ACCEPTING MAGISTRATE'S REPORT AND RECOMMENDATION

ROBERT P. PATTERSON, Jr., District Judge.

This Court has received and reviewed the Report and Recommendation (the "Report") issued by Magistrate Judge Kevin Nathaniel Fox on September 11, 1998, and adopts it in its entirety.

On September 17, 1998, the Court received a response from Assistant District Attorney, Marc Frazier Scholl, to the Report, objecting to the Report's analysis of the timeliness of Manley's petition. A habeas corpus petition is timely if it is filed within one year of "the date on which the judgment [by a state court, by which the petitioner is in state custody,] became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[1] The Report held that Manley's conviction became final when his period to file a petition seeking a writ of certiorari from the United States Supreme Court expired, 90 days after the New York Court of Appeals denied him leave to appeal. (Report at 4.) In his response, Mr. Scholl contends that "Congress's reference to 'direct review' was intended to mean when the state's direct appeals process ends"—in this case, when the Court of Appeals denied Manley leave to appeal. (Scholl Ltr. at 4.)[2]

---

1. The other subsections of § 2244(d)(1) are inapplicable to Manley's claim.

2. The Court of Appeals denied Manley leave to appeal on July 30, 1996. He filed his § 2254 petition on July 21, 1997. Thus, un-

There are conflicting dicta on this point in Second Circuit cases. In *Reyes v. Keane,* 90 F.3d 676, 678 (2d Cir.1996) the court stated that § 2254 petitions must be filed "no later than one year after the completion of state court direct review." More recently, another panel of the Second Circuit wrote that "[Petitioner's] conviction became final for [§ 2254] purposes when his time to seek direct review in the United States Supreme Court by writ of certiorari expired." *Ross v. Artuz,* 150 F.3d 97, 98 (2d Cir.1998).

The Court first notes that the *Reyes* panel did not quote the language of the statute. The words "state court" do not appear in § 2244(d)(1)(A). The exact language of that section is as follows:

> (d)(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>> (A) the date on which the judgment became final by the conclusion of *direct review* or the expiration of the time for seeking such review.

28 U.S.C. § 2244(d)(1)(A) (emphasis added). Moreover, the interpretation of the *Ross* panel is more in keeping with Supreme Court precedents and a common sense construction of the habeas statutes.

While the Supreme Court has not ruled directly on the meaning of § 2244(d)(1)(A), it has had occasion to discuss the question of finality. In *U.S. v. Johnson,* 457 U.S. 537, 102 S.Ct. 2579, 73 L.Ed.2d 202 (1982), and *Griffith v. Kentucky,* 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987), the Court addressed the extent to which a newly announced constitutional rule should apply retroactively to pending cases. The Court determined that the salient factor is whether or not the state convictions in the cases in question were *final.* "By final we mean where the judgment of conviction was rendered, the availability of appeal der either interpretation, his petition was

exhausted, and the time for petition for certiorari had elapsed." *Johnson,* 457 U.S. at 543 n. 8, 102 S.Ct. 2579 (citations omitted). In *Griffith* the Court ruled that the rule of *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), prohibiting the use of peremptory strikes on the basis of race should apply retroactively to all state convictions "pending on direct review at the time of the *Batson* decision." *Griffith,* 479 U.S. at 318, 107 S.Ct. 708. At the time of the *Batson* decision, Griffith had a petition for a writ of certiorari pending before the U.S. Supreme Court. *Id.* at 320, 107 S.Ct. 708. The Court in *Griffith* ruled that Griffith was retroactively entitled to the benefit of the *Batson* rule. Thus, as a matter of logic, it is clear that the Supreme Court considers a petition for a writ of certiorari to be part of "direct review."

Finally, Mr. Scholl argues that "had Congress intended to include the period in which certiorari review is sought before the Supreme Court in section 2244(d)(1)(A), [it] could easily have done so; after all, in section 2244(d)(1)(C) Congress specifically prescribed a period gauged by Supreme Court conduct." (Scholl Ltr. at 3–4) This argument is without merit. Subsection (1)(C) references the law governing retroactivity as established by the Supreme Court in *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). In *Teague* the Court ruled that, as a general matter, new constitutional rules do not apply retroactively to cases in which a petitioner's conviction, already final, is on collateral review. However, the Court did note that a narrow exception is possible in some cases. *Teague,* 489 U.S. 288, 109 S.Ct. at 1075–77. By enacting § 2244(d)(1)(C), Congress merely chose to allow the rare habeas petitioner who would benefit from a *Teague* exception the chance to do so, without being limited to the more restrictive time limit of timely.

(d)(1)(A).[3]

It is hereby

ORDERED that the Report and Recommendation issued by Magistrate Judge Fox on September 11, 1998, is accepted in accordance with 28 U.S.C. § 636(b). Accordingly, it is further

ORDERED that the Petition of Jermaine Manley is denied in accordance with the Report. Since petitioner has failed to make a substantial showing of a denial of a constitutional right, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2) and Fed. R.App.R. 22(b).

SO ORDERED.

---

3. For example, if a petitioner's conviction became final on January 1, 1999, § 2244(d)(1)(A) would give him until January 1, 2000, to file a § 2254 petition. But if on June 1, 1999, the Supreme Court announced a new rule, which it made retroactive on collateral review in accordance with the exceptions described in *Teague*, § 2244(d)(1)(C) would give the petitioner until June 1, 2000, to file his petition.