Gary PLACE

v.

Michael CUNNINGHAM, Warden.

Civ. No. 90–258–S.

United States District Court,
D. New Hampshire.

Dec. 21, 1990.

Gary Place, pro se.

David S. Peck, Asst. Atty. Gen., Concord, N.H., for defendant.

ORDER

STAHL, District Judge.

On November 27, 1990, this Court dismissed a petition for a writ of habeas corpus filed by Gary Place, an inmate at the New Hampshire State Prison who challenges his conviction for the first degree murder of Wanda Olsen. Petitioner now

seeks to appeal the dismissal of his petition.

Rule 22(b) of the Federal Rules of Appellate Procedure makes such appeals available only upon a finding of probable cause. The relevant part of Rule 22(b) is printed below.

> In a habeas corpus proceeding in which the detention complained of arises out of process issued by a state court, an appeal by the applicant for the writ may not proceed unless a district or a circuit judge issues a certificate of probable cause. If an appeal is taken by the applicant, the district judge who rendered the judgment shall either issue a certificate of probable cause or state the reasons why such a certificate should not issue.

A certificate of probable cause requires petitioner to make a "substantial showing of the denial of [a] federal right." *Barefoot v. Estelle*, 463 U.S. 880, 893, 103 S.Ct. 3383, 3394, 77 L.Ed.2d 1090 (1983) (quoting *Stewart v. Beto*, 454 F.2d 268, 270 n. 2 (5th Cir.1971)). As summarized in the *Barefoot* opinion,

> In requiring a "question of some substance", or a "substantial showing of the denial of [a] federal right," obviously the petitioner need not show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are "adequate to deserve encouragement to proceed further."

*Id.* 463 U.S. at 893 n. 4, 103 S.Ct. at 3394 n. 4.

The central issue raised by petitioner in this action is whether evidence adduced at his trial supported the jury's conclusion that the murder of Wanda Olsen was premeditated. Petitioner argues that there was no evidence of premeditation and that therefore his conviction of first degree murder cannot stand. Although a review of the record persuades this Court that petitioner is wrong, this Court is also persuaded that the issue is debatable among jurists of reason.

Accordingly, the Court grants petitioner's request for a certificate of probable cause to appeal the dismissal of his petition for a writ of habeas corpus.

SO ORDERED.