**Abdul–Jaleel MAHDI, Petitioner,**

v.

**John MARSHALL, Jr., Respondent.**

**Civil Action No. 96–40054–NMG.**

United States District Court,
D. Massachusetts.

Sept. 26, 1997.

Abdul–Jaleel Mahdi, pro se.

Gail M. McKenna, Atty. Gen. Office, Boston, MA, for Respondent.

## MEMORANDUM & ORDER

GORTON, District Judge.

Pending before this Court is a request (Docket No. 31, filed August 20, 1997) for the issuance of a Certificate for Probable Cause to Appeal ("CPC") which this court will treat as a Motion for Certificate of Appealability ("COA"). Mr. Mahdi, filed his original petition for a writ of habeas corpus under 28 U.S.C. § 2254 on February 28, 1996, and that petition was dismissed by this court on May 30, 1997.

■ Mr. Mahdi's petition for habeas corpus was filed before enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amendments to 28 U.S.C. § 2253 and thus before the COA prerequisite replaced the earlier CPC prerequisite. While most AEDPA amendments to the pertinent chapter of the United States Code do .not apply to habeas corpus petitions filed prior to enactment of AEDPA, that is .not always the case. Certain new provisions that do not clearly have a "retroactive" effect, i.e., that do not "attach new *legal consequences* to events completed before [the Act's] enactment," do apply to pending cases. *Landgraf v. USI Film Products*, 511 U.S. 244, 270, 275, 114 S.Ct. 1483, 1499, 1502 (1994) (emphasis added); *see Lindh v. Murphy*, — U.S. —, —, —, 117 S.Ct. 2059, 2063, 2068, 138 L.Ed.2d 481 (1997); *Martin v. Bissonette*, 118 F.3d 871, 874 (1st Cir.1997).

■ Because the shift from the CPC standard to the COA standard attaches no new legal consequences to the pre-AEDPA events in this case, this Court will treat Mr. Mahdi's request as one for a COA. See *Reyes v. Keane*, 90 F.3d 676, 680 (2d Cir.1996); *Drinkard v. Johnson*, 97 F.3d 751, 756 (5th Cir. 1996); *see also Martin*, 118 F.3d at 872, 874 (stating that the Court had granted petitioner, who filed prior to the AEDPA enactment, a COA pursuant to amended statute).

The Court treats Mr. Mahdi's request as one for a COA under 28 U.S.C. § 2253, as amended by AEDPA. Under § 2253, federal rules and the local rules of this district, Mr. Mahdi may not appeal this court's final order dismissing his petition unless he first obtains a COA. *See* 28 U.S.C. § 2253(c)(1) (stating that a § 2254 petitioner may not appeal the district court's final judgment unless a "circuit justice or judge" issues a COA); Fed. R.App.P. 22 (stating that an appeal by a habeas petitioner may not proceed without the issuance of COA by a district or circuit judge); Interim Loc. R. 22.1(b), Massachusetts Rules of Court for the United States Court of Appeals for the First Circuit (stating that ordinarily a request for a COA should be made to the district court that dismissed the original petition).

Section 2253(c)(2) provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In ruling on a motion for a COA, a district court must state which issues, if any, satisfy the standard set forth in § 2253(c)(2), or the reasons for its denial of the motion. *See* Interim Loc.R. 22.1.

■ To satisfy the subject standard with respect to the issues presented in Mahdi's original petition, he must show that 1) the issues are debatable among jurists of reason, 2) that a court could resolve the issues in a different manner, or 3) that the questions are "adequate to deserve encouragement to proceed further." *Place v. Cunningham*, 768 F.Supp. 911, 912 (D.N.H.1990) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4, 103 S.Ct. 3383, 3394–95, 77 L.Ed.2d 1090 (1983)); *see Reyes*, 90 F.3d at 679–80 (holding that the substantive standard for issuing a COA is the same as the prior standard set forth in *Barefoot* for the CPC); *Drinkard*, 97 F.3d at 756 (same).

In his petition, Mr. Mahdi asserted the following five claims:

1. the Indictment issued against him was fatally defective in that it was not properly signed as required by Massachusetts law;

2. the prosecutors committed fraud upon the trial courts by asserting that the charging instruments were "True Bills of Indictment";

3. the warrant of commitment was null and void on its face because it was not signed by the judge;

4. in 1972, his rights were violated by his temporary transfer to prisons located outside of Massachusetts; and

5. the trial court did not have jurisdiction over his case because the charging instruments were missing the wafer seal of the court.

This Court concludes that Mahdi has failed "to make a substantial showing of denial of a constitutional right" or of denial of any other federal right. It is recognized that the standard for issuing a COA is not precisely the same as the standard under which the merits of Mahdi's original petition were addressed, but the reasons set forth in the Report and Recommendation dated April 29, 1997 which was accepted and adopted by this Court, are sufficient to support such denial.

### ORDER

For the foregoing reasons, Petitioner's Motion for a Certificate of Appealability is **DENIED.**

So ordered.