United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 19, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-20325
Conference Calendar

_____

THOMAS LOVE PAIGE,

                              Plaintiff-Appellant,

versus

CHARLES BACARISSE; GEORGE H. GODWIN, Judge;
TROY C. BENNETT, JR.; SHARON KELLER, Presiding Judge,

                              Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-03-CV-316
--------------------

Before JONES, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Thomas Love Paige, Texas prisoner # 788890, appeals from the
dismissal of his civil action as frivolous and for failure to
state a claim, pursuant to 28 U.S.C. § 1915A(b)(1). The district
court also dismissed any habeas corpus claim, to the extent that
Paige raised such a claim.

    Paige's district-court action arose from his state habeas
corpus proceedings. Paige failed to sign his first state habeas

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

corpus application, which led to the dismissal of that application for lack of jurisdiction. He requested an injunction directing the defendants to set aside the denial of his second state habeas application, hold a hearing on the merits of his first application, and grant him an out-of-time appeal.

Paige contends that the district court erred by dismissing his 42 U.S.C. § 1983 claim as frivolous. He argues that the defendants violated his federal constitutional rights by failing to notify him of the defects in his state-court habeas pleadings, thus creating a jurisdictional defect. He argues that the district court erred by converting his 42 U.S.C. § 1983 action into a habeas action because his claims were not cognizable in habeas.

We do not construe Paige's complaint as raising any habeas corpus claims. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Rather, we construe the action as one seeking mandamus relief, relief the district court lacked jurisdiction to grant. *See Santee v. Quinlan*, 115 F.3d 355, 356 (5th Cir. 1997); *Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1275-76 (5th Cir. 1973). Because the action underlying Paige's district-court action was a state habeas proceeding, the dismissal of the complaint and the affirmance on appeal do not count as strikes for purposes of 28 U.S.C. § 1915(g). *Cf. In re Jacobs*, 213 F.3d 289, 290-91 (5th Cir. 2000).

AFFIRMED.