Jones v. Smith

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

August Term, 2012

(Argued: April 9, 2013          Decided: June 19, 2013)

Docket No. 12-401-pr

_____

MICHAEL JONES,

*Plaintiff-Appellant*,

—v.—

JOSEPH SMITH, Superintendent, Shawangunk Correctional Facility, JOHN MALY, Superintendent, Shawangunk Correctional Facility, PEDRO DIAZ, Regional Health Service Administration, LT. GARDNER, Lieutenant, Shawangunk Correctional Facility, JOHN RAPP, Food Service Administration, Shawangunk Correctional Facility, MARYANN GENOVESE, MD, Shawangunk Correctional Facility, CATHERINE WELLS, Administrative Nurse, Shawangunk Correctional Facility, RABBI A. HIROWITZ, Rabbi, Shawangunk Correctional Facility, PALEN, Lieutenant, Shawangunk Correctional Facility, BROOKS, Correctional Officer, Shawangunk Correctional Facility, KIMBLER, Sergeant, Shawangunk Correctional Facility, WILLIAM BROWN, Superintendent, Eastern Correctional Facility, THOMAS GRIFFIN, Dept. Superintendent, Eastern Correctional Facility, MIKHAIL GUSMAN, MD, Eastern Correctional Facility, OLGA KHRAMOVA, Nurse, Eastern Correctional Facility, LOUIS PINGOTTI, Captain, Eastern Correctional Facility, STEVEN SCHOONMAKER, Correctional Officer, Eastern Correctional Facility, JANE DOE, Sergeant, Eastern Correctional Facility, EARNEL BODISON, Correctional Counselor, Shawangunk Correctional Facility, BRIAN FISCHER, Commissioner of Corrections,

*Defendants-Appellees*.

_____

B e f o r e :    LEVAL, KATZMANN, and HALL, *Circuit Judges*.

_____

Appeal from a judgment of the United States District Court for the Northern District of New York (Sharpe, *C.J.*) dismissing Plaintiff-Appellant's claim for failure to pay the filing fee after the court denied the plaintiff *in forma pauperis* status under the three strikes provision of the Prison Litigation Reform Act. We hold that dismissals of habeas petitions and appeals from habeas petitions cannot constitute strikes under the three strikes provision and, as such, that the district court erred by denying the plaintiff's motion to proceed *in forma pauperis*. **REVERSED.**

————————————

GABRIELLE GLEMANN (Vilia B. Hayes and Marc B. Weinstein, *on the brief*), Hughes, Hubbard & Reed LLP, New York, NY, *for Plaintiff-Appellant.*

KATE H. NEPVEU, Assistant Solicitor General, *for* Eric T. Schneiderman, Attorney General of the State of New York, *for Defendants-Appellee*s.

————————————

KATZMANN, *Circuit Judge*:

Plaintiff-Appellant Michael Jones, an inmate in the New York correctional system, appeals from a judgment of the United States District Court for the Northern District of New York (Sharpe, *C.J.*). The district court denied Jones's motion to proceed *in forma pauperis* and entered a conditional order dismissing Jones's civil rights complaint if he failed to pay the required filing fee. This appeal raises an issue of first impression in our circuit concerning the interpretation of the so-called three strikes provision of the Prison Litigation Reform Act ("PLRA"). The three strikes provision bars prisoners from bringing a "civil action" or "appeal[ing] a judgment in a civil action . . . [*in forma pauperis*] if the prisoner" has, while in

-2-

prison, filed three prior "action[s] or appeals" in federal court that were dismissed "on the grounds that [they] were frivolous, malicious, or failed to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g).

Jones filed a lawsuit under 42 U.S.C. § 1983 alleging that Defendants-Appellees, a number of prison officials, violated his Eighth Amendment rights. Jones moved for leave to proceed *in forma pauperis*, but the district court denied the motion on the ground that he had five strikes. The district court found that Jones had accumulated three of these strikes while he was litigating a prior petition for habeas corpus relief. Jones contends, *inter alia*, that dismissals of habeas petitions and dismissals of appeals in habeas proceedings—at least where the habeas petitions do not raise claims challenging prison conditions—cannot constitute strikes. We agree and, therefore, reverse the district court.

## BACKGROUND

In September of 2009, Jones filed the instant lawsuit against officials at the Shawangunk Correctional Facility in New York, alleging that the defendants had unconstitutionally denied him treatment for medical conditions, access to medical supplies, and accommodation of his religious practices. As a *pro se* litigant, Jones also moved to proceed *in forma pauperis* ("IFP"). Although the district court initially granted IFP status, the defendants moved that the status should be revoked because Jones had at least three prior strikes under the PLRA arising from multiple dismissals in two prior cases—*Jones v. Coughlin*, No. 93-CV-7341 (S.D.N.Y.), and *Jones v. Herbert*, No. 1:02-CV-4075 (S.D.N.Y.).

In *Coughlin*, Jones had asserted a claim under § 1983 alleging that the prison deprived him of reasonable access to the courts by failing to timely deliver legal documents related to his

-3-

motion to vacate his conviction. The district court dismissed the complaint, finding that it failed to state a cognizable claim.[1] This court then denied Jones's motion to proceed IFP and dismissed his appeal.

In *Herbert*, Jones had filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, arguing that his New York State criminal conviction be vacated by reason of the New York Appellate Division's failure to decide his appeal for nineteen years. The district court dismissed the habeas petition, concluding that Jones had not made a substantial showing of the denial of a constitutional right. The court also stated that any appeal would not be taken in good faith. Jones nevertheless appealed the decision and moved for IFP status. This court denied IFP status and dismissed the appeal. Jones then moved in the district court to vacate the judgment under Federal Rule of Civil Procedure 60(b). The district court denied the motion, and Jones again appealed. This court again dismissed his appeal, holding that Jones failed to show that "jurists of reason would find it debatable whether the underlying habeas petition . . . state[d] a valid claim for the denial of a constitutional right." J. App'x at 95.

In the present case, the district court found that five of the dismissals in these two prior cases constituted strikes under the PLRA—(1) the district court's dismissal of *Coughlin*; (2) the dismissal of the appeal in *Coughlin*; (3) the district court's dismissal of the habeas petition in *Herbert*; (4) the dismissal of the initial appeal in *Herbert*; and (5) the dismissal of the appeal on Jones's Rule 60(b) motion. *See Jones v. Smith*, No. 09-CV-1058, 2011 WL 7073689, at *3-7

---

[1] The order of dismissal states that a portion of the complaint was treated as a petition for habeas corpus even though the court's memorandum opinion does not discuss a potential habeas claim. Because, as discussed below, we decide this case on other grounds, we need not resolve whether the district court actually viewed *Coughlin* as a habeas case.

-4-

(N.D.N.Y. Dec. 6, 2011), *report and recommendation adopted by* 2012 WL 177971 (N.D.N.Y. Jan. 23, 2012). In doing so, the district court rejected Jones's argument that dismissals in habeas proceedings cannot count as strikes. Although the court acknowledged that a habeas petition is not a "civil action" (and that a habeas petitioner can therefore proceed IFP even if he or she has three prior strikes), it reasoned that the statute uses "significantly broader language" to define the types of dismissals that can constitute strikes. *Id.* at *6. Specifically, the court explained that a strike can be based on the dismissal of any "action or appeal[ ]," and that this phrase, unlike a phrase earlier in the three strikes provision, was not explicitly modified by the word "civil."[2] *Id.* The district court also concluded that, even if the dismissal of a prior habeas petition could not count as a strike, the dismissal of an *appeal* would still be a strike because the district court had warned Jones that any appeal would not be in good faith. *Id.* at *7.

Because the court found that Jones had accumulated at least three strikes, it withdrew Jones's IFP status and entered a conditional order requiring Jones to pay the necessary filing fee or face dismissal of his complaint. Jones timely appealed, and we stayed the conditional order of dismissal pending appeal. We also ordered appointment of counsel to assist Jones in presenting this issue of first impression.

---

[2] The court also rejected Jones's alternative argument that some of the dismissals were not strikes because the dismissing courts did not actually dismiss his claims or appeals as "frivolous, malicious, or fail[ing] to state a claim on which relief may be granted." 28 U.S.C. § 1915(g). As noted above, a dismissal can only constitute a strike under the PLRA if it is based on one of those three covered grounds.

-5-

**DISCUSSION**

We review *de novo* a district court's conclusion that a prisoner is barred from proceeding

IFP by the PLRA's three strikes provision. *Polanco v. Hopkins*, 510 F.3d 152, 155 (2d Cir.

2007).

In full, the three strikes provision dictates that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil
> action or proceeding [*in forma pauperis*] if the prisoner has, on 3 or more prior
> occasions, while incarcerated or detained in any facility, brought an action or
> appeal in a court of the United States that was dismissed on the grounds that it is
> frivolous, malicious, or fails to state a claim upon which relief may be granted,
> unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). We have previously held that a habeas petition seeking to overturn a

criminal conviction or sentence was not a "civil action" for purposes of the PLRA and, therefore,

that prisoners filing such habeas claims were not subject to the special fee requirements of the

PLRA.[3] *Reyes v. Keane*, 90 F.3d 676, 678 (2d Cir. 1996), *overruled on other grounds by Lindh

v. Murphy*, 521 U.S. 320, 336 (1997).

We reasoned that "the application of the PLRA . . . depends" at least in part on "the

nature of the relief sought" and whether the claim is analogous to the types of traditional civil

suits that Congress was concerned about when it enacted the PLRA. *Id.* (citing *In re Nagy*, 89

F.3d 115, 117 (2d Cir. 1996)). According to our reading of the legislative history, "Congress did

---

[3] We recognize that *Reyes* spoke in general terms to the effect that "habeas corpus petitions" are
not civil actions covered by the PLRA. We nonetheless assume without deciding that, in so
saying, the court meant habeas corpus petitions that challenge criminal convictions and
sentences, and not petitions, sometimes brought under 28 U.S.C. § 2241, that complain of
conditions of confinement, which are analogous to suits under 42 U.S.C. § 1983 complaining of
conditions of confinement. The logic of our opinion in *Reyes* was to distinguish between civil
actions covered by the PLRA and others based on the type of relief sought, rather than the statute
under which relief was sought.

-6-

not intend the PLRA to apply to [such] petitions for a writ of habeas corpus," but, instead, "aimed [the legislation] primarily at prisoners' suits [under § 1983] challenging prison conditions." *Id.* Therefore, we "h[e]ld that the PLRA d[id] not apply to the petitioner's habeas corpus petition [attacking his criminal conviction] or to an appeal from the denial of such a petition." *Id.* We also emphasized that Congress had already given "specific attention to perceived abuses in the filing of [such] habeas corpus petitions by [separately] enacting" the Antiterrorism and Effective Death Penalty Act ("AEDPA") around the same time. *Id.* In sum, there was simply no indication that the PLRA was intended to cover habeas petitions filed pursuant to 28 U.S.C. §§ 2254 or 2255. *See id.*

In light of this clear precedent, the defendants concede (as they must) that such a habeas petition is not a "civil action" under the three strikes provision and, as such, that a court cannot bar a prisoner from filing a habeas petition *in forma pauperis* even if the prisoner has three strikes. However, they contend that the dismissal of such a habeas petition and the dismissal of an appeal from the denial of that habeas petition can nonetheless count as strikes for the purposes of barring future "civil action[s]." They rely on the same textual reading as the district court, namely that the terms "action" and "appeal" in the second half of the three strikes provision are not modified by the word "civil" and hence are broad enough to encompass habeas proceedings.

We reject this strained interpretation of the statute. Having already determined that Congress did not intend the PLRA to apply to these types of petitions for habeas corpus, *see Reyes*, 90 F.3d at 678, there is simply no rational basis for us to treat the three strikes provision any differently. All of our sister circuits to consider the issue have reached the same conclusion, holding that dismissals of habeas petitions filed pursuant to sections 2254 or 2255 cannot

-7-

constitute strikes for purposes of the PLRA. *See Mitchell v. Fed. Bureau of Prisons*, 587 F.3d 415, 418 (D.C. Cir. 2010); *Andrews v. King*, 398 F.3d 1113, 1122 (9th Cir. 2005) ("Congress intended § 1915(g) to address civil rights and prison condition cases, not habeas petitions."); *Jennings v. Natrona Cnty. Det. Ctr. Med. Facility*, 175 F.3d 775, 779 (10th Cir. 1999) ("[T]here is no rational reason to treat [the three strikes] provision differently from the rest of 28 U.S.C. § 1915(g)."); *Paige v. Bacarise*, 80 F. App'x 299, 300 (5th Cir. 2003) (per curiam).

Moreover, contrary to the defendants' interpretation, the most natural reading of the three strikes provision is that the term "action or appeal" in the second half of the provision is simply an abbreviated reference to the term "civil action or appeal . . . in a civil action" mentioned earlier in the same sentence. Although Congress certainly could have reiterated its intent by repeating the same language over and over again, there was no need for it to do so because it is clear that, read as a whole, the sentence applies only to *civil* actions and appeals in *civil* actions. Indeed, the Ninth Circuit has also implied that the defendants' textual argument is utterly without merit. The defendants in *Andrews* raised the same textual argument, *see* Brief of Appellee V.R. King, *Andrews v. King*, No. 02-17440, 2004 WL 545901, 22-24 (9th Cir. 2004), and the Ninth Circuit nonetheless found that the dismissals of habeas petitions attacking criminal convictions and sentences could not constitute strikes.

Our interpretation of the statute's plain language is also more consistent with the legislative history of the PLRA. The legislative history demonstrates that Congress was concerned about "frivolous litigation by prisoners challenging conditions of their confinement," *Blair-Bey v. Quick*, 151 F.3d 1036, 1040 (D.C. Cir. 1998), and did not envision that the statue would apply to proceedings challenging the lawfulness or duration of a petitioner's criminal

confinement. All of the floor statements by the bill's sponsors explaining the need for the legislation focused on suits that challenged allegedly unconstitutional prison conditions, such as § 1983 actions claiming "insufficient storage locker space, a defective haircut by the prison barber," or "being served creamy peanut butter instead of chunky." *See, e.g.*, 141 Cong. Rec. S14413 (daily ed. Sept. 27, 1995) (remarks of Sen. Dole); 141 Cong. Rec. S14418 (daily ed. Sept. 27, 1995) (remarks of Sen. Kyl); 141 Cong. Rec. S14627 (daily ed. Sept. 29, 1995) (remarks of Sen. Reid)*; see also Blair-Bey*, 151 F.3d at 1040. Conversely, "[n]owhere in the PLRA's legislative history is there *any* reference to cases challenging the fact or duration of confinement" as part of the justification for the bill. *Blair-Bey*, 151 F.3d at 1040 (emphasis added). In fact, as far as we can tell, the only mention of such habeas proceedings anywhere in the legislative history is a statement by one sponsor that the statistics supporting his arguments in favor of the legislation "do *not* include habeas corpus petitions or other cases challenging the inmate's conviction or sentence." 141 Cong. Reg. S14418 (daily ed. Sept. 27, 1995) (remarks of Sen. Hatch) (emphasis added).

Moreover, just two days before passing the PLRA, Congress enacted a separate statute (*i.e.*, AEDPA) that sought to curtail frivolous habeas petitions under §§ 2254 and 2255. "This chronology strongly suggests that Congress intended to make its changes to such habeas proceedings via the AEDPA, and to alter procedure in prisoner civil rights litigation in the PLRA." *Blair-Bey*, 151 F.3d at 1041 (quoting *Smith v. Angelone*, 111 F.3d 1126, 1130 (4th Cir. 1997)). AEDPA already penalizes prisoners for filing numerous habeas petitions under §§ 2254 and 2255, and there is no indication that Congress also intended to "subject[ ] those petitions" to another, distinct "regime[ ] designed to deter repeat plaintiffs." *Id.* at 1041. There is simply no

evidence that the PLRA's sponsors or Congress as a whole thought that habeas petitions challenging the fact or duration of confinement were the problem that they were trying to solve. Without such evidence, we decline to extend the three strikes provision to cover habeas petitions filed under §§ 2254 and 2255.

Therefore, dismissals of habeas petitions challenging the prisoner's conviction or the duration of his confinement should not be considered strikes for purposes of the PLRA. We express no opinion, however, about whether habeas petitions that challenge a prisoner's *conditions* of confinement—either mislabeled as § 2254 or 2255 petitions or properly filed under 28 U.S.C. § 2241—or those challenging civil confinement would constitute strikes. *See Andrews*, 398 F.3d at 1122 n.12 (noting that where "habeas petitions [are] little more than . . . § 1983 actions mislabeled as habeas petitions . . . the district court may determine that the dismissal of the habeas petition does in fact count as a strike"); *Jennings*, 175 F.3d at 779 n.2; *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997). We also have no need to determine whether the dismissal of a "mixed" habeas petition that raises both civil rights and habeas claims claim can constitute a strike. *See Jennings*, 175 F.3d at 779 n.2 (indicating that such a mixed petition may count as a strike).

Having concluded that the dismissal of a habeas petition challenging the lawfulness or duration of the petitioner's criminal confinement cannot count as a strike, our only remaining task is to determine whether the same is true for the dismissal of an *appeal* in such a habeas proceeding. *See Chavis v. Chappius*, 618 F.3d 162, 165 (2d Cir. 2010) (holding that a plaintiff can incur a separate strike for the dismissal of an appeal "when a complaint and a subsequent appeal are independently dismissed for grounds listed in § 1915(g)"). The defendants contend,

relying on similar reasoning by the district court, that the dismissal of an appeal in such a habeas proceeding should still count as a strike even if the dismissal of the underlying petition cannot. However, in *Reyes*, we did not differentiate between petitions and appeals, finding that the "PLRA does not apply to a habeas corpus petition *or* to an appeal from the denial of such a petition." 90 F.3d at 678 (emphasis added). We see no reason to reach a different conclusion here, especially given that the "the nature of the [underlying] relief sought" in the district court and on appeal is the same. *See Reyes*, 90 F.3d at 678; *In re Nagy*, 89 F.3d at 117.

Therefore, neither the dismissal of Jones's § 2254 petition seeking to vacate his convictionin the *Herbert* case nor the dismissal of his appeals related to that petition constitute strikes under the PLRA. Because this holding negates three of Jones's five alleged strikes, the district court erred in denying Jones IFP status under the three strikes provision. Accordingly, there is no need to consider Jones's alternative arguments that his civil rights action in *Coughlin* should have been construed as a habeas petition or that some of his appeals were not dismissed on the ground that they were frivolous, malicious, or failed to state a claim on which relief may be granted.

## CONCLUSION

For the foregoing reasons, we reverse the judgment of the district court and order the court to permit Jones to proceed with his civil rights complaint *in forma pauperis*.