*Amaker v. Annucci*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of May, two thousand eighteen.

PRESENT:
> JOHN M. WALKER, JR.,
> DENNIS JACOBS,
> > *Circuit Judges,*
> MICHAEL P. SHEA,*
> > *District Judge.*

---

Anthony D. Amaker,
> *Plaintiff-Appellant*,

Batise D. Amaker, Grace D. Amaker,
> *Plaintiffs,*

> v.                                                                          17-1807

Anthony J. Annucci, Jeffrey McCoy,
William A. Lee, Luis Franco, Sargeant Conforti,
> *Defendants-Appellees.*

---

* Judge Michael P. Shea, United States District Court for the District of Connecticut, sitting by designation.

1

**FOR PLAINTIFF-APPELLANT:**   Anthony D. Amaker, pro se, Gouverneur, NY.

**FOR DEFENDANTS-APPELLEES:**   Mark H. Shawhan, Assistant Solicitor General, (Anisha S. Dasgupta, Deputy Solicitor General, and Barbara D. Underwood, Solicitor General, *on the brief*) *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Karas, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Anthony Amaker, along with his mother, Grace, and his brother, Batise, have sued numerous corrections officials under 42 U.S.C. § 1983 after Grace and Batise visited Amaker in prison.   They alleged: that the defendants intentionally shortened the visit, in violation of Amaker's First Amendment right of familial association, by forcing Grace and Batise to have their photographs taken before entering the prison; that the defendants violated Grace's and Batise's Fourth Amendment rights by requiring them to have their photographs taken; and that the defendants retaliated against Amaker, in violation of the First Amendment, for his prior lawsuit and grievances by shortening the visit as well as by confiscating a package of cakes that his visitors had brought for him.   The district court dismissed the complaint, revoked Amaker's *in forma pauperis* ("IFP") status, and denied a request for reconsideration.   Amaker, pro se, appeals.   Grace and Batise did not sign the notice of appeal or Amaker's brief, and they have not submitted their own briefs; accordingly, the only arguments before us are those raised by Amaker in his brief on his own behalf.   We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**1.** As a threshold matter, we have jurisdiction to review the order dismissing Amaker's complaint and revoking his IFP status, even though Amaker's notice of appeal identified only the denial of his motion for reconsideration.   An appeal from the denial of a timely reconsideration motion suffices to bring up for review the underlying judgment.   *"R" Best Produce, Inc. v. DiSapio*, 540 F.3d 115, 121-22 (2d Cir. 2008).   Amaker filed his reconsideration motion beyond the 28-day limit, but within the extensions of time granted to him by the district court.   While Fed. R. Civ. P. 6(b) prohibits district courts from granting extensions for reconsideration motions, the rule is non-jurisdictional and may be waived.   *See Legg v. Ulster Cty.*, 820 F.3d 67, 79 (2d Cir. 2016).   The defendants have waived any timeliness challenge by failing to object to the extensions below.

2

Nor is our jurisdiction to review the dismissal order impaired by the district court's grant of leave to amend. Although the court granted Amaker leave to amend his complaint, he elected to move for reconsideration, reiterating the claims in his original complaint. The district court denied that motion and granted Amaker an additional 30 days to file an amended complaint, as well as a subsequent 30-day extension of time to amend. Amaker again did not amend, but appealed from the denial of his request for reconsideration.

This Court has appellate jurisdiction over "final decisions." 28 U.S.C. § 1291. The dismissal of a complaint with leave to amend is not ordinarily a final decision; however it may be considered final if the deadline to amend has passed. *See Festa v. Local 3 Int'l Bhd. of Elec. Workers*, 905 F.2d 35, 36-37 (2d Cir. 1990) (per curiam). Amaker's liberally extended deadline to amend has passed. The dismissal of Amaker's complaint is therefore final and appealable.

**2.** We review the district court's dismissal of the complaint de novo. *Biro v. Condé Nast*, 807 F.3d 541, 544 (2d Cir. 2015). The district court properly dismissed Amaker's familial association claim. A practice that curtails a prisoner's right to familial association passes constitutional muster if it "bear[s] a rational relation to [a] legitimate penological interest[]." *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003). "The burden . . . is not on the State to prove the validity of [a] prison [practice] but on the prisoner to disprove it." *Id.*

Amaker fails to plausibly allege that the prison's practice of photographing visitors before allowing them to enter the facility lacks a rational relation to a legitimate penological interest. His allegation that the practice is per se irrational because it is not required by the New York State Department of Corrections and Community Supervision ("DOCCS") regulations is unavailing. He does not plausibly allege that the DOCCS regulations prohibit such a practice. The regulations provide that "[u]pon entering any gate area, identification of persons, other than facility employees, shall be properly determined and recorded," and the regulations do not purport to limit the authority of DOCCS officials to determine the "proper[]" method of "record[ing]" visitors' identities. 7 N.Y.C.R.R. § 200.1(b). In any event, the violation of a state regulation alone does not give rise to a cognizable § 1983 claim. *Doe v. Conn. Dep't of Child & Youth Servs.*, 911 F.2d 868, 869 (2d Cir. 1990). Accordingly, Amaker fails to state a claim that the prison's photographing practice violates his rights under the First Amendment.

As to the claim that photographing visitors violates their Fourth Amendment rights, Amaker lacks standing to appeal the district court's dismissal. Grace and Batise have not joined in this appeal in any capacity, and "Fourth Amendment rights are personal rights which . . . may not be vicariously asserted." *Rakas v. Illinois*, 439 U.S. 128, 133-34 (1978) (internal quotation marks omitted); *United States v. Haqq*, 278 F.3d 44, 47 (2d Cir. 2002). Moreover, as a pro se litigant, Amaker is barred from appearing on behalf of Grace and Batise. *See Iannaccone v. Law*, 142 F. 3d 553, 558 (2d Cir. 1998). Therefore, the dismissal of that claim is not properly before us, and the time for Grace or Batise to appeal it has lapsed.

3

Finally, Amaker fails to plausibly state a claim of First Amendment retaliation. To state such a claim, a plaintiff must allege that (1) he engaged in protected speech or conduct, (2) "the defendant took adverse action against [him], and (3) [] there was a causal connection between the protected speech and the adverse action." *Espinal v. Goord*, 558 F.3d 119, 128 (2d Cir. 2009) (internal quotation marks omitted). An adverse action is "conduct that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights." *Davis v. Goord*, 320 F.3d 346, 353 (2d Cir. 2003) (internal quotation marks omitted). Amaker alleged that prison officials took adverse action against him by forcing his visitors to have their photographs taken (so as to shorten the length of the visit) and by confiscating the package of cakes that his visitors had brought for him. These allegations do not describe a sufficiently adverse action.

Existing regulations subject prisoners to restrictions on the kinds of packages they may receive, limit the length of visits, and require visitors to undergo registration and identification before the visit. *See* 7 N.Y.C.R.R. §§ 200.1(b), 201.2(b), 201.3(e). Nothing in the complaint suggests that prison officials acted outside the bounds of these regulations and subjected Amaker to harsher treatment than what "prisoners may be required to tolerate . . . before a retaliatory action taken against them is considered adverse." *Davis*, 320 F.3d at 353 (internal quotation marks and brackets omitted). Considering the "circumstances" in which the alleged events occurred, Amaker's allegations are insufficient to state a claim. *Id.* (internal quotation marks omitted).

**3.** We review the district court's decision to deny reconsideration for abuse of discretion. *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). The motion for reconsideration merely reiterated earlier arguments without "point[ing] to controlling decisions or data that the court overlooked." *Id.* (internal quotation marks omitted). The court therefore acted within its discretion when it denied the motion.

**4.** "We review de novo [the] district court's conclusion that [Amaker] is barred from proceeding IFP by the [Prison Litigation Reform Act's] three strikes provision." *Jones v. Smith*, 720 F.3d 142, 145 (2d Cir. 2013). We find no error.

The three strikes provision provides that a prisoner may not "bring a civil action or appeal a judgment in a civil action [*in forma pauperis*] . . . if the prisoner has, on 3 or more prior occasions, while incarcerated . . . brought an action or appeal . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). It is undisputed that two of Amaker's prior appeals were dismissed as frivolous and therefore constitute "strikes" under this rule. Amaker argues that the district court erred in concluding that two 1996 lawsuits he filed can be deemed strikes because the docket sheets for those suits did not disclose that they were dismissed for one of the sanctioned reasons. *See Harris v. City of New York*, 607 F.3d 18, 23 (2d Cir. 2010) ("The district court may rely on the relevant docket sheets if they indicate with sufficient clarity [why] the prior suits were dismissed."). This argument fails.

4

Several aspects of the relevant docket sheet indicate that the *McDonnell* suit was dismissed as frivolous.   The suit was dismissed *sua sponte* pursuant to a provision that at that time authorized district courts to dismiss IFP actions only if they were frivolous or malicious, or if they contained untrue allegations of poverty.   *See* 28 U.S.C. § 1915(d) (1995).   The court certified that an appeal from the dismissal would not be taken in good faith.   The suit was dismissed the same day it was filed, likely before an allegation of poverty could have been definitively assessed and found wanting; and it is not Amaker's contention that the suit was dismissed because it contained untrue allegations of poverty.   Given this record, the district court properly determined that the *McDonnell* suit constituted a third "strike" under the three strikes provision and revoked Amaker's IFP status.   Since three strikes are enough, we need not consider whether the *Connelly* suit was also dismissed as frivolous and therefore worthy of a fourth strike.

We have considered Amaker's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5