McFadden v. Koenigsmann

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of March, two thousand twenty.

PRESENT:
> ROBERT A. KATZMANN,
> *Chief Judge*,
> RICHARD C. WESLEY,
> MICHAEL H. PARK,
> *Circuit Judges.*

---

Reginald Ghaffar McFadden,

> *Plaintiff-Appellant*,

v.                                                                                              19-276

Carl J. Koenigsmann, M.D., DOCCS, Luci Wilson, RHSA-DOCCS, Williams, M.D., ACF, Deborah Graf, RN #801, Alicia Schunk, RPAC, Deborah Bunning, RN #425, V. Hawley, RN #128, Jane Doe, RN #401, Joseph Noeth, Sup-ACF, Anthony J. Annucci, AC-DOCCS, Robert Schallinger, DFS-DOCCS, Kevin Bruen, DC-C-DOCCS, Brian Hembrook, CO-CCS, J. Moore, DSI-DOCCS,

> *Defendants-Appellees*.

---

FOR PLAINTIFF-APPELLANT:                          Reginald Ghaffar McFadden, pro se, Attica, NY.

FOR DEFENDANTS-APPELLEES:                          No appearances.*

Appeal from an order of the United States District Court for the Western District of New York (Geraci, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **VACATED,** and the case is **REMANDED** for further proceedings.

Appellant Reginald Ghaffar McFadden, proceeding pro se, appeals from the district court's order denying him in forma pauperis ("IFP") status on the grounds that he had "three strikes" under the Prison Litigation Reform Act ("PLRA") and had not alleged that he was "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a three-strikes ruling de novo. *Jones v. Smith*, 720 F.3d 142, 145 (2d Cir. 2013). A prisoner who has had at least three prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim is barred from filing any new civil action or appeal IFP "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The district court was correct that McFadden has accumulated at least three strikes. *See McFadden v. Pataki*, No. 17-2632, doc. 22 (2d Cir. Dec. 21, 2017) (dismissing appeal as frivolous); *McFadden v. Kooi*, No. 16-1601, doc. 36 (2d Cir. Aug. 11, 2016) (same); *McFadden v. Patterson*, No. 10-3505, doc. 22 (2d Cir. Jan. 14, 2011) (same).

---

* Not having been served with process, defendants made no appearance.

To qualify for the imminent danger exception, "the danger must exist at the time the complaint is filed," *Malik v. McGinnis*, 293 F.3d 559, 562–63 (2d Cir. 2002), and it must be "fairly traceable to unlawful conduct asserted in the complaint," *Pettus v. Morgenthau*, 554 F.3d 293, 299 (2d Cir. 2009) (emphasis omitted).  A "conclusory" allegation of imminent danger is insufficient. *See Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (citation omitted).  However, while "the feared physical injury must be serious, we should not make an overly detailed inquiry into whether the allegations qualify for the exception, because § 1915(g) concerns only a threshold procedural question, while separate PLRA provisions are directed at screening out meritless suits early on."  *Id*. at 169 (alteration, citation, and internal quotation marks omitted).

Here, McFadden alleged that he had ongoing heart disease, that his pacemaker battery had expired, and that the defendants refused to replace the battery.  The danger existed at the time that McFadden filed his complaint, and it was fairly traceable to the defendants' alleged misconduct. *See Malik*, 293 F.3d at 562–63; *Pettus*, 554 F.3d at 299.  Accordingly, McFadden's allegations were adequate to qualify for the imminent danger exception.  *See Chavis*, 618 F.3d at 169–70.

We have considered McFadden's remaining arguments and find them to be without merit. We therefore **VACATE** the order of the district court and **REMAND** for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3